

**U.S. Department of Justice**
950 Pennsylvania Avenue NW
Washington, DC 20530

Tel: (202) 880-6114

April 6, 2026

VIA CM/ECF

Hon. Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

RE:     *Dickinson v. Trump*, No. 26-1609

Dear Ms. Dwyer:

Pursuant to Fed. R. App. P. 28(j), we respectfully submit this response to plaintiffs' letter concerning this Court's decision in *Los Angeles Press Club v. Noem*, No. 25-5975 (9th Cir. Apr. 1, 2026). That decision underscores why the government's stay motion should be granted.

*Los Angeles Press Club* confirms that, even assuming (incorrectly) that plaintiffs are likely to prevail both on standing and the merits of their First Amendment retaliation claims, the district court granted plaintiffs relief that far exceeds the court's authority. Like the *Los Angeles Press Club* injunction, the *Dickinson* injunction improperly extends not merely to plaintiffs but to anyone in the world who wishes to protest at the Portland ICE facility. Slip Op. 18-19. And like the *Los Angeles Press Club* injunction, the *Dickinson* injunction—which prohibits the use of crowd-control devices except in response to an imminent threat of physical harm, and which asserts the power to design DHS officers' uniforms— is "attenuated from the First Amendment injury" plaintiffs allege. Slip Op. 19-20. Accordingly, the *Dickinson* injunction should be stayed in its entirety.

*Los Angeles Press Club*'s limited discussion of standing and the merits supplies little guidance. On standing, the Court did not purport to hold—nor could it have under controlling Supreme Court and Circuit precedent—that allegations of

subjective chill are sufficient to demonstrate standing.  The Court simply found, based on that record, that those plaintiffs' fears of retaliation were objectively reasonable.  Slip Op. 12-13.  This record does not support a similar finding.  And on the merits, the Court's perfunctory, fact-bound decision is of no help in assessing the factual record here.  Slip Op. 14-15.  Moreover, the decision lends no support to the district court's legally flawed analysis of retaliatory intent.  As we have explained; (1) the court's factual findings were not accompanied by record citations; (2) the court employed the wrong legal standard to conclude that DHS officers had used excessive force; and (3) the court erred as a matter of law by assuming that, if an officer uses excessive force against protesters, the officer was necessarily motivated by retaliatory intent.  Reply 3-6.

Sincerely,

MARK R. FREEMAN
AUGUST FLENTJE
MICHAEL SHIH
DOUGLAS C. DREIER

*/s/ Brenna H. Scully*
Brenna H. Scully
Counsel for Appellants

cc:    All counsel by ECF